### WORK et al. v. REXFORD et al.

(*Supreme Court, General Term, First Department.*   October 24, 1890.)

PLEADING—AMENDMENT.

In an action to foreclose a lien on securities pledged to plaintiffs by O., C. & Co., defendants, the answer of R., another defendant, set up that plaintiffs were not holders of such securities in good faith or for value, and denied that certain of the securities which R. claimed were ever pledged by O., C. & Co. to plaintiffs. *Held,* that a motion for leave to serve an amended answer, claiming equities superior to other owners of securities included in the action, was properly denied, as the proposed amended answer did not show that such other owners were before the court so that their rights could be litigated.

Appeal from special term, New York county.

Action by Frank Work against George Parish Ogden and others to foreclose a lien, in which Cyrus W. Rexford and others, holding other liens on the same property, were made parties defendant.   Said defendant Rexford appeals from an order denying a motion by him for leave to serve an amended answer.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Shepard & Osborne,* (*William H. Shepard,* of counsel,) for appellant. *Marbury & Fox,* (*F. F. Marbury,* of counsel,) for respondents.

VAN BRUNT, P. J.   This action was brought to foreclose a lien on certain securities pledged to the plaintiffs by the firm of Ogden, Calder & Co., the complaint alleging that the defendant, appellant, as well as some other defendants, have or claim some rights to the property.   By the original answer the defendant, appellant, set up that the plaintiffs were not *bona fide* holders of the stock and bonds mentioned in the complaint as pledgees, or otherwise, in good faith or for value, and denied that the securities claimed by him were ever pledged by said Ogden, Calder & Co. to the plaintiffs, and claimed judgment for the value of certain of said securities which he alleged belonged to himself.   Prior to the commencement of this action, the defendant, appellant, commenced an action in this court in the county of Saratoga against the plaintiffs, to recover damages for the alleged conversion of these securities. This action was tried, and judgment recovered by the plaintiffs against the appellant, dismissing his complaint upon the merits.   Thereupon the defendant, appellant, made this motion for leave to serve an amended answer, claiming superior equities to the owners of other securities pledged to the plaintiffs, and which were included in this action of foreclosure.   This motion was denied, and from the order thereupon entered this appeal is taken.

The order was properly made if for no other reason because there are no allegations in the defendant's amended answer which show that there can be any marshaling of these securities in this action.   There is no allegation that all of the parties in interest are before the court, or that the owners of the other securities pledged to Ogden, Calder & Co. are before the court so that their rights could be litigated.   It is undoubtedly true that in an appropriate action the rights of ultimate owners of securities which have been unlawfully pledged may be fixed and determined, and the order in which such securities shall be sold to pay the liens thereon may be determined.   But it is necessary, in order that such an inquiry shall be entered into, that all the parties who may be affected by the adjudication shall be before the court, and there is no

allegation in the defendants' answer that the owners of the other securities upon which it is sought to impress this lien cannot be heard in this action to refute the allegations of the defendant, appellant. The plaintiffs have no interest in this controversy as far as this appellant is concerned. They are entitled to hold all these securities for the payment of their lien, and whether other securities shall be sold before those claimed by the appellant or not is a question between the owners of such securities; and whether or not they are before the court we are not informed. The allegation upon which the appellant founds his rights to have the other securities sold first is that the stocks and bonds mentioned in the complaint in the hands of the plaintiffs, other than those claimed by the appellant, were and are the property of the firm of Ogden, Calder & Co., or of persons who are or were at the time the same were pledged and delivered to the plaintiffs indebted to Ogden, Calder & Co, in sums greater than the value of their respective stocks and bonds, and to secure which indebtedness the said stocks and bonds were by their respective owners pledged to said firm. This allegation is clearly insufficient to justify the court in entering upon the consideration of the equities of the owners of the various securities sought to be sold to pay the lien of the plaintiffs. The order should be affirmed, with $10 costs and disbursements.